Kevin Gillen and Levi A. Robison
Deputy Yellowstone County Attorney
Yellowstone County Courthouse, Room 701
P.O. Box 35025
Billings, Montana 59107
(406) 256-2870 Telephone, (406) 256-6901 Facsimile
kgillen@co.yellowstone.mt.gov
lrobison@co.yellowstone.mt.gov

**Attorneys for Yellowstone County**



## MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

| | |
|---|---|
| JOSHUA WILSON, | Cause No. DV 17-0389 |
| Plaintiff, | Judge Ingrid Gustafson |
| vs. | **YELLOWSTONE COUNTY'S ANSWER** |
| YELLOWSTONE COUNTY, *et al*, | |
| Defendants. | |

Yellowstone County answers Joshua Wilson's complaint as follows:

### Parties

1. The County does not have to respond to paragraph 1.

2. The County admits the allegations in paragraph 2.

3. The County does not have to respond to paragraph 3.

4. The County does not have to respond to paragraph 4

5. The County denies the allegations in paragraph 5.

### Jurisdiction and Venue

6. The County admits the Court has subject matter jurisdiction over this matter.

///

7. The County admits in part the allegations in paragraph 7. The County admits that the Court has personal jurisdiction over the County. The County does not need to respond to the rest of the paragraph.

8. The County admits venue is proper.

9. The County admits administrative notice has been given of this complaint.

## Facts Common to all Counts

10. The County denies the allegations in paragraph 10.

11. The County denies the allegations in paragraph 11.

12. The County denies the allegations in paragraph 12.

13. The County denies the allegations in paragraph 13.

14. The County denies the allegations in paragraph 14.

15. The County denies the allegations in paragraph 15.

16. The County denies the allegations in paragraph 16.

17. The County is without sufficient information to admit or deny the allegation sin the paragraph. Therefore, the County denies the allegations in paragraph 17.

18. The County is without sufficient information to admit or deny the allegation sin the paragraph. Therefore, the County denies the allegations in paragraph 18.

19. The County denies the allegations in paragraph 19.

## Count 1 - Negligence

20. The County does not have to respond to the allegations in paragraph 20. To the extent the County is required to respond to the allegations, it re alleges its previous responses.

///

///

21. The County admits in part and denies in part the allegations in paragraph 21. The County admits it had a duty of reasonable care towards Wilson. The County denies the rest of the allegations in the paragraph.

22. The County denies the allegations in paragraph 22.

23. The County denies the allegations in paragraph 23.

## Count 2 – Negligence Per Se

24. The County does not have to respond to the allegations in paragraph 24. To the extent the County is required to respond to the allegations, it re alleges its previous responses.

25. The County denies the allegations in paragraph 25. MCA 7-32-2121(7) states that the Sheriff shall "take charge of and keep the detention center and the inmates in the detention center, unless the detention center is operated by a private party under an agreement entered into under 7-32-2201 or by a detention center administrator or by another local government[.]"

26. The County denies the allegations in paragraph 26.

27. The County denies the allegations in paragraph 27.

## Count 3 – State Constitution Claims

28. The County does not have to respond to the allegations in paragraph 28. To the extent the County is required to respond to the allegations, it re alleges its previous responses.

29. The County denies the allegations in paragraph 29.

30. The County denies any allegation not explicitly admitted.

## Affirmative Defenses

1. The complaint fails to state a claim for which relief can be granted.

///

///

2. The Prison Litigation Reform Act, 42 U.S.C. § 1997(e), requires a prisoner to exhaust administrative remedies before filing in court. Wilson did not exhaust his administrative remedies therefore he cannot file suit on this claim.

3. The conduct of the County conformed to the applicable duty of care.

4. The County did not breach any duty of care it may have owed towards Wilson.

5. The statute relied upon by Wilson for his negligence per se claim does not create a standard of care.

6. The County's conduct conformed to the applicable Montana Constitutional standards.

7. An entity other than the County or Wilson caused Wilson's damages.

8. Wilson's own negligence or conduct is responsible for Wilson's damages.

9. Wilson's own negligence contributed to or exceeded any negligence of the County and therefore any recovery against the County should be precluded or reduced.

10. Pursuant to Section 2-9-108(1) of the Montana Code Annotated, the County is not liable for damages in excess of the statutory limits applicable to governmental agencies.

11. Pursuant to Section 27-2-209 of the Montana Code Annotated, any recovery against the County should be reduced by amounts received by Wilson from collateral sources.

12. Pursuant to Section 2-9-105 of the Montana Code Annotated, the County is immune from exemplary and punitive damages.

13. The alleged acts complained of may have been committed by employees acting outside the course and scope of their employment. Pursuant to Section 2-9-102 of the Montana Code Annotated, the County is not liable for torts of those of its employees not acting within the scope of their employment or duties.

///

14. The County reserves the right to assert affirmative defenses as discovery or other information warrants.

## Relief

Yellowstone County requests the Court: (1) grant judgment in favor of the County and against Wilson, (2) award the County its costs and attorney fees for the case and (3) award any other relief it deems proper under the circumstances.

Dated this 3 day of April, 2017.

Levi A. Robison
Deputy Yellowstone County Attorney

## Certificate of Service

I certify that on the date below I mailed a copy of the attached Yellowstone County's Answer to:

William D'Alton
D'ALTON LAW FIRM, P.C.
222 North 32nd Street, Suite 903
P.O. Box 702
Billings, MT 59103-0702
bill@daltonlawpc.com
*Attorney for Joshua Wilson*

Dated this 3 day of April, 2017.

Levi A. Robison
Deputy Yellowstone County Attorney