William A. D'Alton
D'ALTON LAW FIRM, P.C.
222 North 32nd Street, Suite 903
P.O. Box 702
Billings, MT 59103-0702
Telephone: (406) 245-6643
Facsimile: (406) 245-6693
bill@daltonlawpc.com

Brian K. Gallik
James P. Molloy
GALLIK, BREMER & MOLLOY, P.C.
777 East Main Street, Ste. 203
PO Box 70
Bozeman, MT 59771-0070
Telephone: (406) 404-1728
Facsimile: (406) 404-1730
brian@galliklawfirm.com
jim@galliklawfirm.com

*Attorneys for Joshua Wilson*

## MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

| | |
|---|---|
| JOSHUA WILSON, <br><br> Plaintiff, <br><br> vs. <br><br> YELLOWSTONE COUNTY, a political subdivision of the State of Montana, <br><br> Defendant. | Case No. DV 17-0389 <br> Judge Russell Fagg <br><br> **AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

1

COMES NOW, Plaintiff, Joshua Wilson (hereinafter "Josh"), by and through his counsel of record, and for his Amended Complaint against the above-named Defendant, complain and allege as follows:

## PARTIES

1. Josh, at all times relevant hereto, resided in the State of Montana, Yellowstone County.

2. Defendant Yellowstone County is a political subdivision of the State of Montana and, at all times relevant hereto, responsible for the operation of the Yellowstone County Detention Facility.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this matter.

4. The Court has personal jurisdiction for the reason the Defendant is located in Yellowstone County, Montana.

5. Venue is proper because the parties are present within the boundaries of Yellowstone County and the acts by Defendant occurred within the boundaries of Yellowstone County.

6. Josh, through counsel, gave administrative notice to Yellowstone County.

## FACTS COMMON TO ALL COUNTS

7. On May 14, 2016, while incarcerated in the YCDF, Officer Degele wrongfully beat Josh, causing serious and substantial injury to him.

8. Josh refused to enter a cell that was full of sewer water, feces and urine.

9. Officer Degele insisted Josh enter the cell that was inundated with feces, sewer water, and urine.

10. When Josh refused to enter the cell, Officer Degele put Josh into a chokehold, causing him to pass out.

11. While Josh was handcuffed with his arms behind his back, Officer Degele smashed Josh's head and face against the concrete wall.

12. Some of the events were recorded on the Yellowstone County Detention Facility cameras.

13. Josh received substantial injuries from the beating and the chokehold.

14. Officer Degele beat Josh in an area of the jail where Officer Degele knew all of his wrongful acts would not be captured by the security cameras.

15. Lieutenant Roger Bodine, who investigated the events, concluded Officer Degele mistreated Josh and violated Josh's Eighth Amendment rights.

16. Josh believes the County has not disciplined Officer Degele for his wrongful acts.

17. By its inactions, the County condoned the wrongful acts of Officer Degele.

### COUNT ONE
### (Negligence)

18. All previous paragraphs are incorporated by reference into this Count as if fully set forth herein.

19. The Defendant owed Josh a duty to exercise reasonable care for his well-being and safety to include reasonable care necessary to protect him from harm.

20. The Defendant was negligent in, among other things, for failing to provide adequate safety, safekeeping and well-being to Josh.

21. The negligence of the Defendant, as described above, resulted in Josh's unnecessary injuries. Moreover, as a result of the Defendant's negligence, it is liable to Josh for all damages.

## COUNT TWO
### (Negligence Per Se)

22. All previous paragraphs are incorporated by reference into this Count as if fully set forth herein.

23. Defendant had a statutory duty pursuant to § 7-32-2121 (7), MCA, to provide for the custody, care, supervision and treatment of inmates.

24. Defendant was negligent as a matter of law in that it failed to provide for the custody, care, supervision and treatment for Josh.

25. Defendant failure to properly provide for the custody, care, supervision and treatment for Josh caused damages and losses to Josh in an amount to be determined at trial.

## COUNT THREE
### (State Constitution Claims)

26. All previous paragraphs are incorporated by reference into this Count as if fully set forth herein.

27. The Defendant, by its wrongful acts, violated Josh's State Constitution rights which include:

    a. Article II, Section 4, dignity of the human being.
    b. Article II, Section 22, cruel and unusual punishment.

## COUNT FOUR

### Federal Claim – 42 U.S.C § 1983

28. All previous paragraphs are incorporated by reference into this Count as if fully set forth herein.

29. Officer Degele's use of unnecessary force upon Josh for the purpose of causing him injury violated Josh's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

30. The County violated Josh's civil rights because of its deliberate policy, custom and practice.

31. The County's deliberate indifference to Officer Degele's aggressive character led to the use of excessive force by Officer Degele upon Josh Wilson.

32. The County by its failure to adequately supervise, train and discipline Officer Degele violated Josh's civil rights.

33. The County ratified Officer Degele's wrongful and aggressive acts by its failure to discipline Officer Degele.

## PRAYER FOR RELIEF

**WHEREFORE**, Josh prays for judgment against the Defendant for any or all of the following damages or relief:

- A. For all special and general compensatory damages recoverable to which Josh is entitled to under Montana law.
- B. For exemplary damages for the malicious conduct;
- C. For costs and attorney's fees;

D. For leave to amend the Complaint to add such additional defendants and allegations as discovery justifies; and

E. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Josh hereby demands a trial by jury on the issues in this action so triable.

RESPECTFULLY SUBMITTED this _____ day of June, 2017.

William A. D'Alton
D'ALTON LAW FIRM, P.C.
*Attorney for Joshua Wilson*